900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cornel A. PEARSON, Defendant-Appellant.
 No. 89-5099.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 29, 1989.
Decided: March 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-88-204-B)
 Larry A. Ceppos, Douglas G. Wadler, Armstrong, Donohue & Ceppos, Rockville, Md., for appellant.
 Dale P. Kelberman, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cornel A. Pearson appeals his conviction of theft of government property (18 packages of meat) from the Walter Reed Commissary in violation of 18 U.S.C. Sec. 641. He claims that in the absence of information indicating that a crime had been committed, there was not sufficient probable cause to support his arrest and, therefore, the 18 packages of meat discovered and seized, together with his confession, should have been suppressed. We find no merit in appellant's claim, and we affirm.
 
 
 2
 On November 6, 1987, a military police investigator and a Department of Defense detective were on duty monitoring pedestrian traffic in the parking lot of the Walter Reed Commissary, when they observed Pearson, a tall and skinny employee of the Commissary, exit the building and look "all around his surroundings." Although Pearson was quite thin, his outer jacket was round and there were "bulges underneath his jacket." The officers approached appellant and asked, "Would you mind if you would unbutton your jacket?" Without objection appellant unzipped his outside jacket and this revealed another jacket. The inside jacket was unzipped by appellant and a package of meat bearing an AAFES (Army Air Force Exchange) sticker came into view. The officers placed Pearson under arrest for theft of government property and transported him to a military police substation where 17 additional packages of meat were found concealed in his clothing. He waived his rights to counsel and against self-incrimination and gave a written statement admitting the theft of 18 packages of meat.
 
 
 3
 Appellant argues that there was not probable cause for his arrest because the officers had received no report of a theft and did not have cause to believe that he had committed a crime. Under Illinois v. Gates, 462 U.S. 213 (1983), we are required to review probable-cause determinations under the "totality of the circumstances" approach, and such a review of Pearson's arrest persuades us that probable cause existed. The appellant exited the commissary and looked about in a suspicious manner. His thin stature accentuated the roundness and bulging of his jacket. Knowing that most people carry their commissary purchases in bags, the officers had reason to stop appellant under Terry v. Ohio, 393 U.S. 1 (1968).
 
 
 4
 When stopped, appellant voluntarily opened his two jackets and revealed a package of meat with a commissary label. In the absence of any explanation or presentation of a sales receipt by appellant, the officers had probable cause to arrest him.
 
 
 5
 The parties have waived oral argument and we agree that it would not aid the decisional process.
 
 AFFIRMED